UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HARLEY-DAVIDSON CREDIT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-CV-58 SNLJ |
| ) | |
| CZH, LLC d/b/a BLACK DIAMOND'S, ) | |
| BOOTHEEL HARLEY-DAVIDSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Harley-Davidson Credit Corporation ("HDCC") brought this action against defendant CZH, LLC d/b/a Black Diamond's Bootheel Harley-Davidson ("Bootheel") for replevin, possession of property, breach of guaranty, indemnity, and injunctive relief. Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, to stay the action (#13). The matter has been fully briefed and is ripe for adjudication.

**I.     Background**

Plaintiff's complaint arises out of a Customer Financing Agreement and related agreements (the "Agreements") between plaintiff and defendant. Defendant is a Harley-Davidson motorcycle dealer in Scott City, Missouri; its members are Robert Hocking, Jeremy Zimbro, and William Cabaness. Under the Agreements, plaintiff agreed to finance defendant's the purchase of goods and/or services from Harley-Davidson Motor Company, and, in return, defendant promised to repay the plaintiff under the terms of the Agreements. Plaintiff alleges that, to secure obligations under the Agreements, the defendant granted plaintiff a security interest in virtually all of its business assets.

Cabaness and Zimbro, Inc. d/b/a Black Diamond Harley-Davidson ("Black Diamond") is another Harley-Davidson dealership, located in Marion, Illinois.[1]  Plaintiff alleges that Black Diamond also entered into financing agreements with it and that Black Diamond also granted plaintiff a security interest in all of its business assets to secure repayment of its obligations.  Plaintiff alleges that defendant executed a "Collateralized Guaranty" to induce plaintiff and its affiliates to provide financing to Black Diamond.

Plaintiff alleges that Black Diamond breached its agreements with plaintiff through what it identifies as "Fraudulent Sales Practices."   Plaintiff further alleges that, by reason of Black Diamond's default, the defendant is also in default.  Plaintiff states that, pursuant to the Collateralized Guaranty, upon an event of default, the plaintiff may declare as immediately payable all or any part of the debt Black Diamond or the defendant owes.  Plaintiff states that it notified defendant of the default and demanded payment of $2,957,264.58, but that defendant has not paid.  Moreover, plaintiff alleges that it demanded that defendant surrender to plaintiff the collateral that had secured the amounts it owes.

Plaintiff and defendant are not strangers to litigation.  On February 22, 2012, the defendant — along with Black Diamond — filed a complaint in Illinois state court against HDCC and others.  HDCC and its fellow defendants answered the complaint on March 28, 2012, and counterclaimed against Bootheel and Black Diamond.  HDCC's counterclaim alleges many of the same facts it alleges in the present case and seeks (1) possession of collateral from Black Diamond, (2) replevin against Black Diamond, (3) indemnity against Black Diamond, (4) damages for breach of contract from Black Diamond, Bootheel, and individual third party

---

[1]Jeremy Zimbro and William Cabaness are the two shareholders of Black Diamond.  Hocking was Black Diamond's sales manager and a member of senior management.

defendants, (5) damages for fraud from Black Diamond, Bootheel, and individual third party defendants, (6) damages for civil conspiracy against Black Diamond, Bootheel, and individual third party defendants,(7) damages for racketeering against Black Diamond, Bootheel, and individual third party defendants, and (8) an order enjoining Black Diamond, Bootheel, and individual third party defendants from disposing of HDCC's collateral.

Defendant filed the instant motion to dismiss or stay because, it asserts, the "Prior Action" it filed in Illinois precludes this Court's jurisdiction. Defendant argues that the Court should either dismiss the case or stay it pending resolution of the Prior Action.

## II. Discussion

In its motion to dismiss, defendant asserts that plaintiff's complaint is barred by the "Prior Pending Action Doctrine" because it is duplicative of the claims in the Illinois state court Prior Action. In the alternative, defendant asserts that this case should be stayed pursuant to the *Colorado River* Doctrine.

The prior pending action doctrine, also known as abatement, "holds that where a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *United States v. Doe Run Resources Corp.*, No. 4:10cv1895, 2011 WL 1771007, *2 (E.D. Mo. May 10, 2011) (internal quotations omitted) (citing *Harrison v. Commercial Woodworking Co.*, No. 4:08CV00082, 2008 WL 5105130, *2 n.2 (E.D. Mo. Dec. 1, 2008)). *See also Meyer v. Meyer*, 21 S.W.3d 886, 889–90 (Mo. Ct. App. 2000)); *State ex rel. Dunger v. Mummert*, 871 S.W.2d 609, 610 (Mo. Ct. App. 1994) ("The doctrine of abatement provides, a prior pending action between the same parties and involving the same issues will abate a later like action ...").

3

As a general rule, however, and as the Supreme Court has repeatedly held, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 283 (1910) *(quoted in Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). However, "[c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." 544 U.S. at 292 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)).

Abstention — where a court declines or postpones the exercise of its jurisdiction — "is the exception, not the rule," and is justified only in "'exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" *Colorado River*, 424 U.S. at 813 (quoting *County of Allegheny v. Frank Mashude Co.*, 360 U.S. 185, 188-89 (1959)).

As a threshold matter, however, the federal and state proceedings must be parallel before *Colorado River* abstention is implicated. *Fru-Con Const. Corp. v. Controlled Air., Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). In the Eighth Circuit, the "pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties" does not alone constitute a parallel proceeding. *Id.* (citing *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coop., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995)). A "substantial similarity" must exist between the state and federal proceedings: that is, there must be a "substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." 574 F.3d at 535 (citing *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005)). Furthermore, "jurisdiction must be

exercised if there is any doubt as to the parallel nature of the state and federal proceedings." 574 F.3d at 535.

Turning to the proceedings at hand, plaintiff HDCC seeks replevin, which requires a determination of the value of the collateral held by Bootheel and whether HDCC has a right to replevy that collateral. In the Illinois action, HDCC counterclaims against *Black Diamond*, for replevin, not Bootheel. Bootheel is the subject of HDCC's counterclaims for breach of contract, fraud, civil conspiracy, racketeering, and an injunction (prohibiting Bootheel from disposing of the collateral). Bootheel, however, contends that HDCC's right to replevin from Bootheel will be determined in the Illinois action because Bootheel seeks a declaratory judgment that HDCC is not a secured creditor and that HDCC should release its security interest in the assets of the Bootheel and Black Diamond dealerships.

This Court acknowledges that, should the state court case reach a judgment before this case, the disposition of this action may be in part governed by preclusion law. *See, e.g.*, *Exxon Mobil Corp.*, 544 U.S. at 293. However, should HDCC prevail in the Illinois action, its replevin claim against Bootheel would not be resolved. Thus, it does not appear that there is a "substantial likelihood that the state proceeding will <u>fully</u> dispose of the claims presented in the federal court." *Fru-Con*, 574 F.3d at 535 (emphasis added). Because HDCC's replevin claim against Bootheel is pleaded in this action only (as the *res* of HDCC's federal claim is located in Missouri), there is some doubt as to whether the proceedings are parallel. This Court must exercise its jurisdiction as a result. *See id.*

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, to stay the action (#13), is DENIED.

Dated this   23rd   day of October, 2012.

                                                        UNITED STATES DISTRICT JUDGE